# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARK SCHMIDT, | ) |
| Plaintiff, | ) Case No. 20-1514 |
| vs. | ) |
| MID-CENTURY INSURANCE COMPANY, | ) |
| Defendant. | ) |

## DEFENDANT MID-CENTURY INSURANCE COMPANY'S NOTICE OF REMOVAL

**COMES NOW** Defendant Mid-Century Insurance Company, through counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Federal Rule of Civil Procedure 81, and Eastern District Local Rule 2.03, and hereby removes the state court action described below to the United States District Court for the Eastern District of Missouri. As grounds for removal, Defendant states:

1. Defendant Mid-Century Insurance Company ("MCI") is named as a defendant in a civil action brought against it in the Circuit Court of the City of St. Louis, Missouri, captioned *Mark Schmidt v. Mid-Century Insurance Company,* Case No.: 2022-CC01267, filed on June 30, 2020.

2. Plaintiff asserts causes of action for breach of contract (Count I) and "vexatious refusal to pay" (Count II), both claims relating to a Policy of Insurance (No. 99933-59-61) (the "Policy") issued by Defendant MCI.

1

3. Defendant MCI was served with Plaintiff's Petition on September 29, 2020, making its 30-day responsive pleading due to be filed in State Circuit Court on Thursday, October 29, 2020. (Missouri Rule of Civil Procedure 44.01(a)).

4. Defendant MCI did not file a responsive pleading to Plaintiff's Petition prior to the filing of this Notice of Removal and, as such, will file a responsive pleading to Plaintiff's Petition within seven (7) days of this Notice of Removal filing. (Fed. R. Civ. Pro. 81(c)(2)(C)).

5. A copy of the Petition is attached hereto as **Exhibit A**. A printout of the City of St. Louis Circuit Court "Docket Sheet" is attached as **Exhibit B**. All "process, pleadings, orders and other documents" on file in the Circuit Court are attached in Exhibit A, except that the Summons filed in the Circuit Court is attached as **Exhibit C**.

6. Plaintiff's claims for breach of contract and "vexatious refusal" relate to Mid-Century's alleged denial of Plaintiff's claim for coverage under the Policy for damage to Plaintiff's property caused by the alleged theft of "copper piping and toilet valves" and alleged resulting "extreme damage" to the property "from exposure to the elements including but not limited to water damage." (*See* Petition at ¶¶10, 12 attached in Exh. A).

7. Pursuant to Federal Rule of Civil Procedure 6(a), this Notice of Removal is timely filed with this Court within thirty (30) days after service of the Petition on Defendant and Plaintiff's action was commenced less than one year ago.

8. Plaintiff Mark Schmidt is a resident of St. Louis, Missouri.

9. Defendant MCI, the sole party against whom Plaintiff's claims would be proper (*though expressly denied*), is a company organized and existing under the laws of the State of California and having its principal place of business in California. Therefore, pursuant to 28

U.S.C. § 1332(c)(1), MCI is a citizen of the State of California for purposes of diversity jurisdiction.

10. Complete diversity of citizenship exists because Plaintiff and MCI are citizens of different states.

11. While Defendant MCI denies Plaintiff's claims and alleged damages and contests the propriety of any award in Plaintiff's favor, Plaintiff prays for coverage under the Policy up to the alleged coverage limit of $275,100 "for property loss and damage concerning the Property" and also prays for coverage under the Policy for alleged "lost rental payments due to loss." (Petition at ¶8, attached as Exh. A). Plaintiff's allegations (*although expressly denied*) establish, beyond a preponderance of the evidence, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

12. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because the lawsuit is between citizens of different states. As such, there is jurisdiction for the removal of this action from the State Circuit Court to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

13. Defendant MCI is the only named defendant in Plaintiff's Petition and, as such, consent to removal by other defendants is not necessary.

14. By this Notice of Removal, Defendant MCI does not waive any objections it may have as to jurisdiction, venue, or any other defenses or objections that it may have to this action. Defendant MCI intends no admission of facts, law or liability by this Notice, and expressly reserve all defenses and/or motions.

**WHEREFORE**, Defendant Mid-Century Insurance Company hereby give notice of the removal of this action from the City of St. Louis, Missouri Circuit Court to the United States District Court for the Eastern District of Missouri.

**FOLAND, WICKENS, ROPER,
HOFER & CRAWFORD, P.C.**

*/s/ Scott D. Hofer*
Scott D. Hofer             MO # 44587
Christopher R. Mirakian    MO # 61178
1200 Main Street, Suite 2200
Kansas City, MO  64105
(816) 472-7474
(816) 472-6262 (Fax)
shofer@fwpclaw.com
cmirakian@fwpclaw.com
**ATTORNEYS FOR MID-CENTURY
INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the above and foregoing was sent via electronic mail and First Class U.S. Mail, postage prepaid, this 20th day of October 2020 to the following:

Kevin T. Lake
LAKE MUNRO, LLC
7777 Bonhomme Ave., Ste. 1501
Clayton, MO 63105
klake@lakemunrolaw.com
***ATTORNEY FOR PLAINTIFF***

   */s/ Scott D. Hofer*
***ATTORNEY FOR DEFENDANT***

4