Electronically Filed - City of St. Louis - June 30, 2020 - 03:13 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| MARK SCHMIDT,  )  <br>  )  <br> Plaintiff,  )  <br>  )  Cause No.: <br> vs.  )  <br>  )  Division: <br> MID-CENTURY INSURANCE COMPANY  )  <br> Serve at:  )  <br> Director of Insurance: Chlora Lindley-Myers  )  <br> Department of Insurance  )  <br> 301 W. High Street, Room 530,  )  <br> Jefferson City, MO 65101  )  <br>  )  <br> Defendant.  )  | |

### PETITION

COMES NOW Plaintiff Mark Schmidt, by and through his attorneys of record, and states as follows for his causes of action against Defendant Mid-Century Insurance Company:

1. Mark Schmidt ("Mr. Schmidt") is an individual over the age of 18, and has the capacity to sue and be sued.

2. Plaintiff is the owner of the property known and numbered as 3320 Nebraska Ave., St. Louis, Missouri 63118 (the "Property").

3. Mid-Century Insurance Company ("Mid-Century") is a corporation authorized to provide insurance in the State of Missouri, and therefore has the capacity to sue and be sued.

4. Pursuant to Missouri Supreme Court Rule 54.15, service on Mid-Century may be obtained by serving Chlora Lindley-Myers, the Missouri Director of the Department of Insurance.

### Jurisdiction and Venue

5. Jurisdiction is proper in the State of Missouri because Mid-Century is a corporation licensed to provide insurance in the State of Missouri.



6. Venue is proper in the City of St. Louis, State of Missouri, because the insured property is located in the City of St. Louis, State of Missouri, and all acts complained of in this Petition took place in the City of St. Louis, State of Missouri.

### Facts

7. At all times herein, the Property was insured under a "Landlords Protector" policy of insurance issued to Mr. Schmidt by Mid-Century through Farmers Insurance Company, under policy number 0999335961 ("Policy").

8. Under the Policy, the Property was insured up to $262,000.00 and $13,100.00, for total coverage in the amount of $275,100.00, for property loss and damage to the Property.

9. In addition, the Policy also included coverage for lost rental payments due to loss.

10. On or about December 12, 2018, Mr. Schmidt discovered the Property had suffered a forced entry by an unknown third party who stole the copper piping and toilet valves in the Property.

11. Mr. Schmidt reported the burglary to the St. Louis Metropolitan Police Department.

12. As a direct result of the burglary, the Property suffered extreme damages from both the loss of the piping and exposure to the elements, including but not limited to water damage to the interior of the Property.

13. At the time of the burglary, the Property was not vacant.

14. At the time of the burglary, Mr. Schmidt had utility services servicing the Property.

15. At the time of the burglary, Mr. Schmidt had furniture and furnishings within the Property.

16. At the time of the burglary, Mr. Schmidt had diligently maintained the Property and secured the Property from the elements.

17. At the time of the burglary, Mr. Schmidt had diligently maintained the care and control of the Property.

18. At the time of the burglary, Mr. Schmidt or his agents visited and inspected the Property at least two times per week.

19. At the time of the burglary, the Property was neither vacant nor abandoned.

20. As a direct and proximate result of the burglary, Mr. Schmidt sustained damages to the Property and significant costs of repair in excess of $25,000.00.

21. Mr. Schmidt timely and properly filed a claim to Mid-Century under the Policy.

22. However, Mid-Century has wrongfully failed and refused and continues to fail and refuse to provide coverage and pay Mr. Schmidt.

23. Mid-Century's failure and refusal to pay is in breach of the Policy.

24. Mid-Century's wrongful failure and refusal to provide coverage under the Policy and pay Mr. Schmidt for his loss is vexatious and justifies an award of additional amounts to Mr. Schmidt for its wrongful delay and refusal to pay, including but not limited to Mr. Schmidt's attorneys' fees related to this action as permitted under §375.296 and §375.420 RSMo.

### Count I – Breach of Contract

25. Mr. Schmidt incorporates paragraph 1-24 as though fully set forth herein.

26. The Policy took effect on or about July 22, 2018 and continued to be in effect at the time of the burglary referenced above.

27. At all times relevant hereto, Mr. Schmidt has paid the premium on the Policy and met all contractual obligations necessary for Mid-Century to provide coverage under the Policy.

28. As a direct and proximate result of the burglary of December 12, 2018, the Property suffered significant and costly damages.

29. Loss due to burglary is covered under the Policy.

30. Mr. Schmidt furnished Mid-Century proper notice of the loss as required under the Policy.

31. Mr. Schmidt filed his claim under the Policy on the same date he discovered the damage, under claim number 3012059591-1-1.

32. Mid-Century has a duty under the Policy to pay for the damages pursuant to the terms of the Policy.

33. Mid-Century has failed and refused and continues to fail and refuse to pay Mr. Schmidt according to the terms of the Policy.

34. Mr. Schmidt has suffered damages due to Mid-Century's wrongful failure and refusal to honor its obligations under the Policy.

WHEREFORE, Mr. Schmidt prays this Court enter judgment against Mid-Century for actual damages in excess of $25,000.00 in an amount that is fair and reasonable, for his costs and attorneys' fees incurred herein, and for such other and further relief as this Court deems just and proper.

### Count II – Vexatious Refusal to Pay

35. Mr. Schmidt incorporates paragraphs 1-34 as through fully set forth herein.

36. Mid-Century's refusal to pay in accordance with it's Policy is willful and unreasonable to a reasonable and prudent person, in violation of §375.420 RSMo.

37. Mr. Schmidt's demand for payment from Mid-Century was more than 30 days prior to the filing of this action.

38. Mid-Century's refusal to pay is vexatious in that it has failed to conduct an adequate investigation prior to refusing to pay.

39.     As a direct and proximate result of this incident, Mr. Schmidt has sustained damages to the Property and significant costs reasonably necessary to repair the damages sustained in excess of $25,000.00.

40.     As a direct and proximate result of this incident, Mr. Schmidt has incurred loss and is entitled to be compensated for his costs and attorneys' fees incurred herein.

WHEREFORE, Mr. Schmidt prays this Court enter judgment against Mid-Century and award damages, in addition to the limits of the Policy, not to exceed 20% of the first $1,500.00 of the loss, and 10% of the amount of the loss in excess of $1,500.00 for Mid-Century's vexatious refusal to pay, and Mr. Schmidt's reasonable attorneys' fees pursuant to §375.296 RSMo. and §375.420 RSMo.

Electronically Filed - City of St. Louis - June 30, 2020 - 03:13 PM

STATE OF MISSOURI     )
                      )   SS.
COUNTY OF ST. LOUIS   )

MARK SCHMIDT, of lawful age, being duly sworn upon her oath, states that he is the Petitioner named above, and that the facts stated in the foregoing are true and correct according to his best knowledge, information and belief.

_____
MARK SCHMIDT, Plaintiff

Subscribed and sworn before me, the undersigned Notary Public, this 29th day of June, 2020.

KEVIN T. LAKE
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 15425106
My Commission Expires Jun 7, 2023

_____
Notary Public

My Commission Expires:

Respectfully submitted,

**LAKE MUNRO, LLC**


/s/         Kevin T. Lake
KEVIN T. LAKE, #47708
Attorney for Plaintiff
7777 Bonhomme Ave., Ste. 1501
Clayton, MO 63105
Ph. (314) 863-0077; Fax (314) 863-7494
E-mail:  klake@lakemunrolaw.com



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | | |
|---|---|---|
| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC01267 | Special Process Server 1 |
| Plaintiff/Petitioner:<br>MARK SCHMIDT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN T LAKE<br>7777 BONHOMME AVENUE<br>SUITE 1501<br>SAINT LOUIS, MO  63105 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br> MID-CENTURY INSURANCE CO | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Breach of Contract | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  MID-CENTURY INSURANCE CO**
**Alias:**
DIRECTOR MO DIV OF INSURANCE
CHLORA LINDLEY-MYERS
301 W HIGH STREET ROOM 530
JEFFERSON CITY, MO  65101

**COLE COUNTY**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**September 15, 2020**                                           *Thomas Kloeppinger*
_____                              _____
             Date                                                                   Clerk

Further Information:

### Sheriff's or Server's Return
**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
  Printed Name of Sheriff or Server              Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____   _____
                                             Date                              Notary Public

**Sheriff's Fees, if applicable**
Summons                                   $_____
Non Est                                       $_____
Sheriff's Deputy Salary
Supplemental Surcharge       $     10.00
Mileage                                      $_____ (_____ miles @ $._____ per mile)
**Total**                                       $_____
A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.